## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CAMILLIA MITCHELL,

     Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, STATE OF
MICHIGAN,

     Defendants.

Case No. _____
Hon. _____

**PLAINTIFF'S COMPLAINT
& JURY DEMAND**

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
**Rasor Law Firm PLLC**
Attorneys for Plaintiff
201 E 4th Street
Royal Oak, MI 48067
(248) 543-9000/(248) 543-9050 (fax)
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

RASOR LAW FIRM, PLLC

## COMPLAINT AND JURY DEMAND

     **NOW COMES** Plaintiff, CAMILLIA MITCHELL, by and through his

attorneys, RASOR LAW FIRM, PLLC, and for his Complaint against the above-

named Defendants, states as follows:

## PARTIES

1

1.     At all times relevant to this lawsuit, Plaintiff Camillia Mitchell (herein "Plaintiff") was a resident of Eastpointe, County of Wayne, State of Michigan.

2.     Defendants MICHIGAN DEPARTMENT OF CORRECTIONS (herein "MDOC") and the STATE OF MICHIGAN are public employers.

3.     Defendant MDOC is a governmental agency created pursuant to the laws of the State of Michigan, and Defendant State of Michigan is a state government within the meaning of 42 U.S.C. § 2000e(a).

4.     Defendant MDOC administers and operates Defendant State of Michigan's correctional system and prison facilities, including a prison facility known as Macomb Correctional Facility located in Lenox Township, County of Macomb, State of Michigan.

5.     At all times material and relevant hereto, Defendant was an "employer" within the meaning of 42 U.S.C. § 2000e(a) and was Plaintiff's employer.

6.     At all times material and relevant hereto, Plaintiff was employed by MDOC as a Human Resources Technician.

7.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (herein "EEOC") alleging MDOC retaliated against her.

2

8.      The EEOC investigated Plaintiff's allegations of discrimination and Plaintiff received a Dismissal and Notice of Rights letter on September 2, 2020.

9.      All conditions precedent to the filing of this Complaint have been performed or have occurred.

## JURISDICTION AND VENUE

10.      This cause of action arose in the Township of Lenox, County of Macomb, State of Michigan.

11.      This Honorable Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), § 2000e-6, and 28 U.S.C. §§ 1331, 1343(a), and 1345.

12.      This Honorable Court has personal jurisdiction over Defendants because Defendants conduct and operate prison facilities in the State of Michigan.

13.      Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3), § 2000e-6(b), and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action occurred.

## COMMON FACTUAL ALLEGATIONS

14.      Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 13, as if fully set forth herein.

15.      From February of 2019 to approximately May of 2019, Plaintiff experienced harassment from MCF's Warden, Patrick Warren, including various offensive comments about Plaintiff's perceived sexual orientation.

3

16.     When Plaintiff initially tried to report this conduct, she was discouraged from filing any sort of internal complaint given it would be against the facility's Warden.

17.     But on May 15, 2019, Plaintiff officially filed a harassment complaint against Warren, which was followed by an EEOC charge on June 18, 2019.

18.     Following this complaint, Plaintiff began experiencing increased scrutiny from both Warden Warren and various other employees, which had the effect of creating an intimidating and/or stressful working environment.

19.     In July of 2019, there was an incident between Plaintiff and another employee regarding a parking spot, that led to an argument.

20.     While both employees filed complaints about this incident, it is upon information and belief that Warden Warren attempted to influence MDOC's investigator to assert disciplinary charges against Plaintiff.

21.     Although Warren's attempts to initiate discipline against Plaintiff went un-responded to, he continued to create an intimidating work environment and seek out Plaintiff during her working hours.

22.     Upon information and belief, Warden Warren was removed from his position on or around September of 2019 due to misconduct.

23.     Although his position was removed, numerous of his confidantes remained in high-ranking positions at MCF.

24.     In September of 2019, Plaintiff sought an alternative work schedule, which would have allowed her to work around her child's school schedule and had no bearing on her ability to perform her job.

25.     It is upon information and belief that this decision was made by individuals still in contact with former Warden Warren and/or who were close to Warden Warren before his termination.

26.     Also in September of 2019, Plaintiff was stopped by Chesterfield Police (the area around the prison) while driving to/from work for allegedly not having insurance or a valid license.

27.     During this stop, the arresting officer seemed to know Plaintiff and/or had information on Plaintiff.

28.     Although the charges from this stop were erroneous, Plaintiff ultimately pled to a lesser charge of allowing an unlicensed person to drive her vehicle.

29.     Despite explaining these circumstances to MDOC, Plaintiff was disciplined for the receipt of this plea.

30.     It is upon information and belief that the individuals involved in Plaintiff's discipline either had contact with former Warden Warren and/or were prior confidantes of his.

31.     It is upon information and belief that minor misdemeanors such as what Plaintiff pled to typically do not result in disciplinary action for employees who have no engaged in protected activity.

32.     Following Warden Warren's termination, various employees at MCF would come up to Plaintiff and make comments such as, "I heard you got Warden Warren fired."

33.     Because Plaintiff had not informed anybody of her internal complaint and/or did not know if her complaint had resulted Warren's termination, this increased scrutiny led Plaintiff to experience stress and anxiety.

34.     On or around October of 2019, Plaintiff took a medical leave based on the workplace stress/anxiety she felt.

35.     During this stress leave, Plaintiff was forced to take long-term disability from October until her return in approximately February, 2020, which resulted in loss of wages during that time.

36.     Upon information and belief, beginning with Plaintiff's internal harassment complaint and EEOC charge(s), Defendant took efforts to make Plaintiff's work unbearable and stressful, particularly given her complaints had the effect of terminating a longstanding MDOC employee in Warden Warren.

### COUNT I – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2
### AS TO DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS
### & DEFENDANT STATE OF MICHIGAN

RASOR LAW FIRM, PLLC

37.    Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 36, as if fully set forth herein.

38.    Title VII prohibits retaliation against any individual because that person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in any investigation … under this act. 42 U.S.C. § 2000e-3(a).

39.    At all material times, Plaintiff was an employee of Defendant employer MDOC, covered by and within the meaning of Title VII.

40.    Complaining about, reporting, and/or opposing harassment and/or filing an EEOC Charge of discrimination is a statutorily protected activity.

41.    As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant MDOC owed Plaintiff a duty not to retaliate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment because he engaged in protected activity.

42.    Plaintiff engaged in conduct protected under Title VII of the Civil Rights Act of 1964, including, but not limited to, complaining of, reporting, and/or opposing the discriminatory conduct of the agents, servants, and/or employees of Defendant MDOC and by filing EEOC Charge(s) of Discrimination.

7

43.   Defendant Michigan Department of Corrections had knowledge of Plaintiff's protected activities as set forth in the preceding paragraphs.

44.   Defendant MDOC, by and through its agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, bringing disciplinary actions, denying Plaintiff conditions, terms, opportunities, and privileges provided to other employees who had not engaged in protected activity, and selectively enforcing polices/procedures solely against Plaintiff.

45.   Plaintiff was subjected to harassment and other retaliatory acts by Defendant MDOC and its agents, servants and/or employees in retaliation for her opposition to civil rights violations and having complained about the discriminatory acts described herein, in violation of Title VII of the Civil Rights Act of 1964.

46.   Due to the ongoing retaliatory harassment, even after Warden Warren was removed, Defendant's conduct effectuated Plaintiff's medical leave—a distinct adverse action.

47.   Defendant MDOC and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

48.   As a direct and proximate result of Defendants MDOC's unlawful actions and retaliations against Plaintiff as described herein, Plaintiff has

8

suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

49.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., Defendant is liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred.

RESPECTFULLY SUBMITTED:

THE RASOR LAW FIRM

/s/ *Andrew J. Laurila*

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
Attorneys for Plaintiffs
201 E. Fourth Street
Royal Oak, Michigan 48067-3846
Dated: November 30, 2020        (248) 544-9300/(248) 543-9050 Fax

9

RASOR LAW FIRM, PLLC

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CAMILLIA MITCHELL,

     Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, STATE OF
MICHIGAN,

     Defendants.

Case No. _____
Hon. _____

**PLAINTIFF'S COMPLAINT
& JURY DEMAND**

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
**Rasor Law Firm PLLC**
Attorneys for Plaintiff
201 E 4th Street
Royal Oak, MI 48067
(248) 543-9000/(248) 543-9050 (fax)
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

RASOR LAW FIRM, PLLC

### JURY DEMAND

    **NOW COMES** Plaintiff, CAMILLIA MITCHELL, by and through her attorneys, RASOR LAW FIRM, PLLC, and hereby demands a trial by jury in the above-captioned cause of action.

10

RESPECTFULLY SUBMITTED:

**THE RASOR LAW FIRM**

/s/ *Andrew J. Laurila*

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
Attorneys for Plaintiffs
201 E. Fourth Street
Royal Oak, Michigan 48067-3846
(248) 544-9300/(248) 543-9050 Fax
jbr@rasorlawfirm.com
Dated: December 1, 2020        ajl@rasorlawfirm.com

RASOR LAW FIRM, PLLC